IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JONATHAN JEFFERY ANDERSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | NO. 3:11-CV-126–CDL-CHW |
| | : | |
| OFFICER BRADLEY, | : | |
| | : | Proceedings Under 42 U.S.C. § 1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

### RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed by Defendant Andrew William Bradley.[1] Doc. 13. Because Plaintiff Jonathan Jeffery Anderson failed to exhaust his administrative remedies before filing his complaint, and because Plaintiff also failed to show the existence of any genuine issue of material fact concerning either his failure to protect claim or his failure to intervene claim, it is hereby **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**.

### PROCEDURAL HISTORY

On September 2, 2011, Plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Sheriff Chapman and Officer Bradley at the Walton County Jail violated his constitutional rights by failing to protect or failing to intervene in a physical altercation involving Plaintiff and three other inmates. Doc. 1. In relief, Plaintiff requests that "this Honorable Court make a determination of his rights and the duties of the Defendants not previously listed due to [Plaintiff] being a layman of law. [Plaintiff] also requests any other

---

[1] On March 22, 2012, the Superior Court of Walton County granted Defendant's petition to change his name from Andrew William Bradley to Andrew Ryan Hudson. Sup. Ct. Order (Doc. 13-1 at 6). For ease of reference, the instant Recommendation refers to Defendant by his former name only.

1

further relief deemed appropriate according to the laws of justice and equity." Id. Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, only the failure to protect and the failure to intervene claims against Defendant Bradley were permitted to proceed. Docs. 7, 10. On May 7, 2012, Defendant filed his Motion for Summary Judgment. Doc. 13. Plaintiff responded on June 11, 2012. Doc. 17.

## FACTUAL BACKGROUND

Viewed in the light most favorable to Plaintiff, the facts of this case are as follows: On May 28, 2011, Plaintiff was a pretrial detainee being held at the Walton County Jail. Pl.'s Compl. (Doc. 1). On that date, Plaintiff's cellmate was threatened by two other inmates while the two inmates were outside for recreation. Id. One of the two inmates called to the cell of Plaintiff and his cellmate, brandished a weapon, and made threatening gestures. Id. The two inmates issuing threats hid in the shower area when recreation ended. Id. Listening through an air vent, Plaintiff heard a fifth inmate, Ralpheal Thomas, speak to the tower about the two inmates. Id. Officer Alton Morrison, who is not a party in this case, was the tower officer that day. Morrison Aff. (Doc. 13-3). As the tower officer, Officer Morrison controlled other officers' access to various cell blocks, including cell block twelve, which is where the inmates involved in the instant altercation were housed. Id.

When other cells were released for recreation, Plaintiff called the tower, stating that "those guys are going to stab us in the shower." Pl.'s Compl. (Doc. 1). Defendant, who was assigned as the "rover" responsible for cell blocks nine and ten, noticed that two inmates in cell block twelve were not in their cells when he went to the tower to use the bathroom or get a drink of water. Bradley Aff. (Doc. 13-1). Defendant ran from the tower to cell block twelve to instruct the two inmates to return to their cells. Id. He specifically called one of the two inmates by name.

Id. The two inmates ran to the upstairs area of cell block twelve where Plaintiff and his cellmate were. Morrison Aff. (Doc. 13-3). Both Defendant and Officer Morrison requested immediate assistance from other officers because jail policy prohibited officers from entering cell block twelve alone. Bradley Aff. (Doc. 13-1), Morrison Aff. (Doc. 13-3).

While Defendant waited for other officers to arrive, the two inmates proceeded to attack Plaintiff's cellmate. Bradley Aff. (Doc. 13-1). When Plaintiff attempted to intervene, one of the two inmates began attacking Plaintiff, punching him repeatedly in the face. Pl.'s Compl. (Doc. 1), Bradley Aff. (Doc. 13-1). Defendant witnessed the physical altercation from outside the door that provided access to cell block twelve. Bradley Aff. (Doc. 13-1). As soon as other officers arrived, Officer Morrison opened to door to cell block twelve from the tower. Bradley Aff. (Doc. 13-1), Morrison Aff. (Doc. 13-3). The officers rushed to the upstairs area. Zajac Aff. (Doc. 13-4). By the time the officers arrived, the altercation between Plaintiff and one of the two inmates had ended. Bradley Aff. (Doc. 13-1); Zajac Aff. (Doc. 13-4); Bugg Aff. (Doc. 13-5). Plaintiff suffered severe injuries, which required treatment at a hospital. Pl.'s Compl. (Doc. 1).

## LEGAL STANDARDS

According to Rule 56 of the Federal Rules of Civil Procedure, summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes

demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). If the moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law. Id. at 324-326. If the evidence presented by the non-movant is "not significantly probative" or is "merely colorable," then summary judgment must be granted. Anderson, 477 U.S. at 249. In fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

## DISCUSSION

As a threshold matter, because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit, it is appropriate to dismiss his claims on this basis alone. Alternatively, because Plaintiff does not present any specific evidence tending to show that there is a genuine issue of material fact concerning either his failure to protect claim or his failure to intervene claim, Defendant is entitled to judgment as a matter of law.

A. Exhaustion of Administrative Remedies

Plaintiff's claims should be dismissed for failure to exhaust all available administrative remedies. Pursuant to Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] [...], or any other federal law, by a prisoner confined in any [...] prison [...] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory precondition to filing suit, and federal courts cannot waive the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 734 (2001); Alexander v.

Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). The exhaustion requirement requires proper exhaustion in compliance with the administrative process, and claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999).

It is well-established in the Eleventh Circuit that the exhaustion of available administrative remedies is mandatory, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander, 159 F.3d at 1326. That is, to satisfy the exhaustion requirement, the plaintiff must pursue all available administrative remedies fully. Harper, 179 F.3d at 1312. Because exhaustion is a matter in abatement as opposed to an adjudication on the merits, the affirmative defense of failure to exhaust administrative remedies "is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'" Bryant v. Rich, 530 F.3d 1368, 1375 (11th Cir. 2008), quoting Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368-369 (9th Cir. 1988). As such, it is appropriate to analyze the affirmative defense of failure to exhaust administrative remedies as if it had been raised in a motion to dismiss, rather than applying a summary judgment framework. See Myles v. Miami–Dade Co. Correctional and Rehabilitation Dept., 476 Fed. Appx. 364, 366 (11th Cir. 2012).

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, review of the motion involves a two-step process. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. Id. If they conflict, the Court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the

facts, the Court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

In this case, Defendant provided the Court with undisputed evidence that Plaintiff failed to exhaust his available administrative remedies regarding either his failure to protect claim or his failure to intervene claim before he initiated this lawsuit. Specifically, Defendant attached the affidavit of Walter Elliot, the Lieutenant for Inmate Services at the Walton County Jail. Elliot Aff. (Doc. 13-2). Defendant also attached a copy of the Walton County Sheriff's Office Jail Log, which shows that copies of the revised inmate handbook were posted on the windows of all cells in the area of Walton County Jail where Plaintiff was being held. Ex. B-1 (Doc. 13-2). Additionally, Defendant appended a copy of the page from the revised inmate handbook detailing the internal grievance procedure at the Walton County Jail. Ex. B-2 (Doc. 13-2). The internal grievance procedure specifically states as follows:

> Any inmate shall be entitled to communicate legitimate complaints. Grievances will be in writing. Grievances may be requested and then given to any staff member for prompt transmittal. All grievances must fully describe the factual basis and circumstances of the alleged incident or situation, include a specific complaint, and be signed by staff members when picked up. The grievance deputy is to provide a written response to the inmate within fifteen (15) days of receipt. Upon receiving formal response to the grievance, the inmate has three (3) calendar days to accept the findings and action taken, and so acknowledge by signature, or appeal to the Detention Commander or his/her designee. If the inmate appeals the decision, he is to provide written reasons on the grievance form and return it to the grievance deputy.
> [Id.]

Additionally, Defendant provided copies of the four grievances filed by Plaintiff between May 28, 2011 and May 30, 2011. Ex. B-3 – Ex. B-6 (Doc. 13-2).

After reviewing the undisputed evidence provided by Defendants, there is no indication that Plaintiff ever filed any grievance, let alone fully exhausted all available administrative remedies, regarding either his failure to protect claim or his failure to intervene claim before he filed his complaint. Nowhere in any of his four grievances does Plaintiff allege that Defendant failed to protect Plaintiff or failed to intervene in the physical altercation involving Plaintiff and three other inmates. See Ex. B-3 – Ex. B-6 (Doc. 13-2). A review of the record establishes that Plaintiff mentions Defendant only once in his four grievances, alleging that "I was mercilessly attacked and beaten three separate times by Jackson, Officer Bradley witnessed this. I was disoriented and in shock from all the blows to my head and from the sight of blood gushing from my nose and mouth" Ex. B-5 (Doc. 13-2). A review of the record further establishes that Lieutenant Elliot provided Plaintiff with a written response to his grievances on June 2, 2011, well-within the fifteen day period set forth in the internal grievance procedure found in the revised inmate handbook. Ex. B-7 (Doc. 13-2).

In his complaint, Plaintiff concedes that he did not appeal the denial of his grievances to the highest possible level, but Plaintiff attempts to explain his failure to exhaust by claiming that "I was not made aware of an appeal process until 13 August 2011, when Inmate Handbooks were issued." Pl.'s Compl. (Doc. 1). In his response to the Motion for Summary Judgment, Plaintiff summarily alleges that "[a]t the time of the incident, a copy of the inmate handbook was posted in plaintiff's housing unit, however, several pertinent sections, including, but not limited to the section outlining the grievance appeal process, were missing[.]" Pl.'s Resp. (Doc. 17).

Assuming for the sake of argument that Plaintiff's version of the facts is true, Defendant is entitled to have Plaintiff's complaint dismissed for failure to exhaust all available administrative remedies because Plaintiff never filed any grievance, let alone fully exhausted all

available administrative remedies, concerning either the alleged failure to protect or the alleged failure to intervene. Although an inmate need not identify any particular defendant in his grievance to properly exhaust his claim, an inmate must provide "as much relevant information as he reasonably can in the administrative grievance process." Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000). Requiring an inmate to provide as much relevant information as possible is consistent with the PLRA's broader mandate that all inmates must "complete the administrative review process in compliance with the prison's grievance procedures, so that there is 'time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Parzyck v. Prison Health Services, Inc., 627 F.3d 1215, 1218-1219 (11th Cir. 2010), quoting Woodford v. Ngo, 548 U.S. 81, 93 (2010). The undisputed evidence here establishes not only that Plaintiff failed to provide as much relevant information about his present claims as he reasonably could have in the four grievances he filed between May 28, 2011 and May 30, 2011, but also that Plaintiff did not pursue the internal grievance procedure even after he became aware of it. Plaintiff therefore deprived jail officials of the opportunity to address his claims internally. Consequently, both Plaintiff's failure to protect claim and his failure to intervene claim should be dismissed for failure to exhaust all available administrative remedies.

   B.  No Genuine Issue of Material Fact

Even if Plaintiff had exhausted his administrative remedies, his claims would be subject to summary judgment. Plaintiff has failed to present any specific evidence showing that there is a genuine issue of material fact concerning either his failure to protect claim or his failure to intervene claim.

Prison officials are bound by the Eighth Amendment's prohibition on cruel and unusual punishment by virtue of the Fourteenth Amendment. Carter v. Galloway, 352 F.3d 1346, 1347, n 1 (11th Cir. 2003). Because Plaintiff was a pretrial detainee at the Walton County Jail, his failure to protect claim and his failure to intervene claim must be analyzed under the Due Process Clause of the Fourteenth Amendment. Snow ex rel. Snow v. City of Citronelle, Ala., 420 F.3d 1262, 1268 (11th Cir. 2005). The standards under the Fourteenth Amendment, however, are identical to the standards under the Eighth Amendment. Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 2005).

    a.  Failure to Protect

The record does not set forth any genuine issues of material fact regarding Plaintiff's failure to protect claim. Although "prison officials have a duty [...] to protect prisoners from violence at the hands of other prisoners," not every instance of violence between inmates "translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 833-834 (1994) (quotations and citations omitted). It is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." Id. at 828. To be "deliberately indifferent," the prison official must have subjective knowledge of the risk of serious harm, and the official must nevertheless fail to reasonably respond to the risk. Id. at 837-838. "Merely negligent failure to protect an inmate from attack does not justify liability under Section 1983 [...]. The known risk of injury must be a strong likelihood, rather than a mere possibility, before a guard's failure to act can constitute deliberate indifference." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (quotations and citations omitted).

9

Plaintiff fails to allege facts tending to show that Defendant exhibited deliberate indifference. First, there is no evidence in the record that Defendant knew of and disregarded an excessive risk to Plaintiff's safety, meaning that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Purcell v. Toombs County, 400 F.3d 1313, 1319-1320 (11th Cir. 2005) (quotation omitted). The only evidence tending to show that Plaintiff could have known about the risk posed by the two inmates hiding in the shower area was Plaintiff's original allegation that Defendant was the tower officer on May 28, 2011. Pl. Compl. (Doc. 1). Critically, however, Plaintiff now concedes that Officer Morrison, who is not a party in this case, was the tower officer on that date. Pl.'s Resp. (Doc. 17). Second, there is no evidence in the record that Defendant failed to respond reasonably to the risk. See Farmer, 511 U.S. at 845 (explaining that "prison officials who act reasonably cannot be found liable.") As the undisputed evidence shows, once Defendant became aware of the pending attack, Defendant ran to cell block twelve to order the two inmates who had been hiding to return to their cells, calling one of the two inmates by name.  Consistent with policy, Defendant requested immediate assistance from other officers, and waited for other officers to arrive before intervening. Bradley Aff. (Doc. 13-1), Morrison Aff. (Doc. 13-3). Even after viewing the record and all reasonable inferences in the light most favorable to Plaintiff, Plaintiff presents no specific evidence tending to show that Defendant acted with deliberate indifference. Accordingly, there are no genuine issues of material fact concerning Plaintiff's failure to protect claim, and Defendant is entitled to judgment as a matter of law.

b.  Failure to Intervene

The record also fails to set forth genuine issues of material fact regarding Plaintiff's failure to intervene claim. Prison officials may be held directly liable under Section 1983 "if they fail or refuse to intervene when a constitutional violation occurs in their presence." Terry v. Bailey, 376 Fed. Appx. 894, 896 (11th Cir. 2010), citing Ensley v. Soper, 142 F.3d 1402, 1407 (11th Cir.1998). "However, in order for liability to attach, the officers must have been in a position to intervene." Id. Stated another way, "[a] officer who fails to intervene in a fight between inmates can only be held liable if he was physically able and had a realistic chance to intervene and act in time to protect the inmate Plaintiff." Johnson v. Boyd, 2012 WL 3555212 (MD Ga. 2012) (quotations and citations omitted).

Plaintiff has pointed out no evidence tending to show that Defendant was in a position to intervene. It is undisputed that while Defendant waited for other officers to arrive, the two inmates proceeded to attack Plaintiff's cellmate. Bradley Aff. (Doc. 13-1). It is also undisputed that when Plaintiff attempted to intervene in the two inmates' attack of his cellmate, one of the two inmates began attacking Plaintiff, punching him repeatedly in the face. Pl.'s Compl. (Doc. 1), Bradley Aff. (Doc. 13-1). There is no evidence in the record that Defendant had the opportunity or the capability to intervene in physical altercation between Plaintiff and the other inmate because the tower officer, and not Defendant, controlled other officers' access to cell block twelve, and because jail policy prohibited officers from entering cell block twelve alone. Bradley Aff. (Doc. 13-1), Morrison Aff. (Doc. 13-3). Moreover, Plaintiff presents no specific evidence tending to show "the position of the guards were such that the guards would have been in a 'position to intervene[,]'" which is "fatal to [Plaintiff's] claim for failure to intervene." Terry, 376 Fed. Appx. at 896. In the absence of specific evidence tending to show that Defendant

was in a position to intervene, there are no genuine issues of material fact concerning Plaintiff's failure to intervene claim, and Defendant is entitled to judgment as a matter of law.

## CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies before filing his complaint, and because Plaintiff also failed to demonstrate any genuine issue of material fact concerning either his failure to protect claim or his failure to intervene claim, it is hereby **RECOMMENDED** that Defendant's Motion for Summary Judgment be **GRANTED**.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 29th day of January, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge